1  TOMIO B. NARITA (SBN 156576)
   tnarita@snllp.com
2  ARVIN C. LUGAY (SBN 242599)
   alugay@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile: (415) 352-2625

6  Attorneys for defendant
   Hunt & Henriques

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PETER OLNEY,                )  CASE NO.: 12-397
                            )
            Plaintiff,      )  **NOTICE OF REMOVAL**
                            )
       vs.                  )
                            )
HUNT & HENRIQUES,           )
                            )
            Defendant.      )
_____)

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2   PLEASE TAKE NOTICE that defendant Hunt & Henriques ("Defendant"), a
3   California partnership, hereby removes to this Court the state court action
4   described below.

5   1.   On April 25, 2012, a complaint was filed against Defendant by
6   plaintiff Peter Olney ("Plaintiff"), in an action pending in the Superior Court of the
7   State of California in and for the County of Stanislaus, entitled *Peter Olney v. Hunt*
8   *& Henriques,* Case No. 673987.  A copy of the state- court complaint
9   ("Complaint") is attached hereto as **Exhibit A**.

10   2.   This removal petition is timely under 28 U.S.C. § 1446(b) because
11   Defendant was first served with a copy of the Complaint on May 21, 2012.

12

13   **JURISDICTION**

14   3.   This action is a civil action of which this Court has original
15   jurisdiction under 28 U.S.C. § 1331 and that may be removed to this Court by
16   Defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that the Complaint
17   asserts federal claims against Defendant allegedly arising under, *inter alia*, the
18   federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.*  *See* Exhibit
19   A, at ¶¶ 1-3, 8-9, 12.

20   4.   The Complaint was filed in the Superior Court of the State of
21   California, County of Stanislaus.  Venue in this District Court is proper.  *See* 28
22   U.S.C. § 1441(a) (providing for removal "to the district court of the United States
23   for the district and division embracing the place" where the state court action is
24   pending); 28 U.S.C. § 84(b) (The Eastern District comprises the counties of, inter
25   alia, Stanislaus).

26   5.   Defendant is represented by the undersigned.

27   //

28   //

1  DATED: June 19, 2012             SIMMONDS & NARITA LLP
2                                   TOMIO B. NARITA
                                    ARVIN C. LUGAY
3
4                                   By:   s/Arvin C. Lugay
                                          Arvin C. Lugay
5                                         Attorneys for defendant
                                          Hunt & Henriques
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit A

Nicholas J. Bontrager (252114)
Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
Attorney for Plaintiff

FILED
2012 APR 25 AM 9:12
CLERK OF THE SUPERIOR COURT
COUNTY OF STANISLAUS
BY ____MARNIE SISCO____
_____ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF STANISLAUS
LIMITED JURISDICTION

Case No. 673987

PETER OLNEY,

Plaintiff,

vs.

HUNT & HENRIQUES,

Defendant.

COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

(Amount not to exceed $10,000)

1. Violation of Rosenthal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

This case has been assigned to Judge TIMOTHY W. SALTER
Department 30 for all purposes including Trial.

Complaint - 1

## II. PARTIES

2. Plaintiff, Peter Olney ("Plaintiff"), is a natural person residing in Stanislaus county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, Hunt & Henriques, ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5. On or about April 9, 2012, Defendant contacted Plaintiff at (209) 544-5429, in connection with an attempt to collect an alleged debt.

6. On or about April 9, 2012 at approximately 2:31pm, Defendant left a voicemail on Plaintiff's phone number (209) 544-5429, failing to disclose that Defendant was a debt collector.

7. On or about April 9, 2012 at approximately 2:31pm, Defendant left a voicemail on Plaintiff's phone number (209) 544-5429, failing to disclose that Defendant was attempting to collect a debt and that any information would be used for that purpose.

8. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11));

   b) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

9. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

10. Plaintiff reincorporates by reference all of the preceding paragraphs.

11. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the RFDCPA;
   B. Actual damages;
   C. Statutory damages for willful and negligent violations;
   D. Costs and reasonable attorney's fees; and
   E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;
B. Actual damages;
C. Statutory damages;
D. Costs and reasonable attorney's fees; and,
E. For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of April, 2012.

By: _____
Nicholas Bontrager, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4